UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.: 8:17-cr-222-T-27JSS

LENIN LUGO
_____/

**ORDER**

THIS MATTER is before the Court on Defendant's Emergency Motion for Reconsideration, and the supplements thereto, in which Defendant seeks reconsideration of the Court's Order denying Defendant's Motion for an Order to Have Present at Depositions to Preserve Testimony for Trial a Court Reporter, Interpreter(s), and a Clerk of Court to Administer Oath to Witnesses and for Costs If Necessary. (Dkt. 100.) A hearing was held in this matter on November 16, 2017. For the reasons below, the Motion is denied in part and granted in part.

Defendant seeks entry of an order directing the Clerk of Court's presence at depositions that will be conducted to perpetuate Defendant's witnesses' testimony for purposes of trial. The Court previously denied the motion, and Defendant seeks reconsideration of the denial due to Defendant's counsel's concerns related to advancing the costs for the services. As previously stated in the Court's Order, however, the provision of court staff—including court reporters, interpreters, and deputy clerks—for out-of-court proceedings is not a service provided by the court under the applicable guidelines and court policies. *See Guide to Judiciary Policy*, Vol. 5, § 210.10 (referencing in-court judicial proceedings for the appointment of interpreters); *Guide to Judiciary Policy*, Vol. 6, § 430.10 (characterizing the taking of depositions as "private reporting activities," further defined as "[a]ctivities not related to recording court sessions and preparing official transcript for court sessions," which "are not salaried or statutory duties"). Therefore, Defendant's

Emergency Motion for Reconsideration (Dkt. 100) is **DENIED** to the extent it requests the use of court personnel to assist in the depositions.

Nevertheless, in light of Defendant's arguments regarding the financial burden of paying for these expenses, counsel are directed to Section 320.40.20 of the Guide to Judiciary Policy, which states that "[e]xpenses incurred in the taking of fact witness depositions (notarial fees, interpreters, transcripts, etc.) are paid by the DOJ, regardless of which party requested the deposition." *Guide to Judiciary Policy*, Vol. 7, Pt. A, Ch. 3, § 320.40.20; *U.S. Attorney's Manual*, tit. 3, § 3-8.520 ("Fees and expenses for depositions of fact witnesses, including the cost of recording and transcribing the proceeding, for indigent persons shall be paid by the Department in the same manner as expenses and fees for fact witnesses testifying in court."); *see also* Fed. R. Crim. P. 15. As such, the expenses related to the depositions are to be paid by the Government, through the Department of Justice. Thus, the Motion is **GRANTED** to the extent it seeks to ensure Defendant, who is indigent, does not bear the burden of paying the costs associated with the depositions. Accordingly, it is **ORDERED**:

1. As previously ordered by the District Judge, the depositions shall take place as scheduled on November 29, 2017, at 9:30 a.m. The deponents will appear at the depositions in Columbia with Defendant's counsel, and co-defendants' counsel may participate in the depositions by videoconference, which will be set up in the third floor conference room of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602.

2. The expenses incurred in taking the depositions, including notarial fees, interpreters, transcripts, etc., are to be paid by the United States Attorney's Office. *See Guide to Judiciary Policy*, Vol. 7, Pt. A, Ch. 3, § 320.40.20; *U.S. Attorney's Manual*, tit. 3, § 3-8.520

3. The United States Attorney's Office, 400 North Tampa Street, Tampa, FL, 33602, shall be billed directly for all services rendered by the court reporter, interpreter, videographer, and the official administering the oath to the witnesses in Columbia (collectively, "service providers") in connection with the depositions.

4. The United States Attorney's Office shall also coordinate the service providers' attendance at the depositions.

**DONE** and **ORDERED** in Tampa, Florida, on November 17, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record